## MACE FORCEY v. THE STATE.

*No. 3105.   Decided March 14.*

**1.   Severance of Defendants Separately Indicted.**—"When two or more persons are prosecuted for an offense growing out of the same transaction, by separate indictments, either one may file his affidavit in writing that one or more parties are indicted for an offense growing out of the same transaction for which he is indicted, and that the evidence of such party or parties is material for the defense of the affiant, and that the affiant verily believes that there is not sufficient evidence against the party or parties whose evidence is desired to secure his or their conviction, such party or parties for whose evidence said affidavit is made shall first be tried; and in the event that two or more defendants make such affidavit and can not agree as to their order of trial, then the presiding judge shall direct the order in which the defendants shall be tried; provided, that the making of such affidavit does not without sufficient cause operate as a continuance to either party."   Code Crim. Proc., art. 669a.

**2.   Same—Continuance by State does not Defeat Right of Severance.**—When a party separately indicted has made the affidavit required, the State can not defeat his right to have first tried the case of the defendant selected to be first tried, by continuing said case; and to force him to a trial under such circumstances is reversible error. See the opinion for a full discussion of the right of severance.

APPEAL from the District Court of Gonzales.   Tried below before Hon. George McCormick.

Conviction of theft of cotton of the value of $20 or more.   Punishment, two years confinement in the penitentiary.   The opinion states the case.

*Glass & Burgess,* for appellant.—On the question of severance cited: Act of March 21, 1887, p. 33; art. 669a, Code Crim. Proc.; Teiman v. The State, 28 Texas Ct. App., 144.

*R. H. Harrison,* Assistant Attorney-General, for the State.

HURT, JUDGE.—This is a conviction for the theft of cotton. There was an issue in the court below as to whether the cotton stolen was worth $20.

The appellant, Andrew Forcey, and another were separately indicted for the same offense. Appellant moved that Andrew Forcey be tried first, upon the ground that the evidence of Andrew was material for his defense, and that he believed that there was not sufficient evidence against Andrew to secure his conviction. To defeat this motion the State continued the case against Andrew, and then appellant moved to continue his case for the testimony of Andrew. This was refused, and he was forced to announce ready for trial.

At common law, where parties were jointly indicted they might sever, but the government had the right to select the one first to be tried.

By the Act of February 12, 1883, Code of Criminal Procedure, article 670, when a severance was had the parties had the right to agree upon the order in which they should be tried. But there was no right to sever unless jointly indicted. Now, to defeat this right and its consequences, the prosecuting officers indicted them separately. At common law, if not indicted jointly, they could be witnesses for one another; but if separately indicted for the same offense, under our code, they could not, and hence, until the Act of March 21, 1887 (Code Crim. Proc., art. 669a), the prosecuting officers, by procuring separate indictments, could and did effectually deprive the accused of the testimony of all persons against whom they could procure separate indictments for the same offense.

We had thought that the act last cited had so thoroughly settled this matter that an accused would be secure in his right to have parties tried first, and upon their acquittal he could have the benefit of their testimony. But it seems we were in error, if the ruling in this case is correct.

When jointly indicted, if all were arrested, the State could not continue as to one and try the other without consent of the accused. The State was required to announce as to all who had been arrested. This was not considered a hardship upon the State. If separately indicted, and the parties defendant, or either of them, desired to have one of the defendants arrested and tried first, the State must be ready to try the one selected, and must try him before the others can be called upon for an announcement.

As above said, this would be the rule if jointly indicted.    If indicted separately, why not the same rule?    The grand jury sever the defendants; the Act of 1887 joins them for the purpose of giving to either of them the right to have one of their number first tried.

Let us take the view entertained by the court below.    The defendants are separately indicted; one of them believes that a co-defendant is not guilty; he desires his testimony, and makes the affidavit required by the Act of 1887; the State then continues the case against the party selected.    The benefit of the act is thus denied, or is made to depend upon whether the State is ready to try the party selected.    This is clearly not the spirit or meaning of the act; it is not common practice; it is not the law.

The other question presented will not likely arise upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.